UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-cr-00318-RLW |
| ) | |
| ROBERT S. BEYER, II, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES' REPLY IN SUPPORT OF ITS MOTIONS IN LIMINE**

On August 29, 2016, this Court granted the United States' first motion in limine (regarding mental health evidence) without opposition from the Defendant. The Court reserved ruling on the United States' remaining two motions in limine. The United States now withdraws one of those motions and provides further detail and argument in support of its remaining motion.

**I.    The United States Withdraws Its Third Motion in Limine, Regarding Evidence Related to the Ultimate Success of the Fraudulent Scheme**

The United States' third motion in limine sought to exclude evidence and argument to the effect that the Defendant believed that, notwithstanding the false representations he had made to victims, Heroic Life Assurance Company might ultimately succeed and produce a return for his victims. After discussing the issue further with counsel for the Defendant, the United States believes that it has reached a mutually agreeable understanding as to what evidence is and is not permitted to be offered on this point. The United States therefore withdraws its third motion in limine, without prejudice to its ability to raise the issue again as necessary during trial.

## II. The United States Maintains Its Second Motion in Limine, That Defendant Should Not Be Permitted, Under the Hearsay Rule, to Offer His Own Self-Serving Out-of-Court Statements

At the August 29th hearing, the Court gave the United States leave to reply to the Defendant's response on its second motion in limine, which had been filed the day before. Defendant's response objects that the United States has not provided any indication of what statements of Defendant's might be inadmissible under the hearsay rule.

The United States attaches hereto a report of interview with the Defendant performed on May 7, 2014, as **Exhibit A**. Although the report contains numerous statements that the United States intends to offer at trial as party-opponent admissions under Federal Rule of Evidence 801(d)(2), the report recounts several statements made by Defendant that are in the nature of self-serving hearsay. For example, the report reflects that Beyer told Special Agent Kohne that he had approached insurance underwriters including Washington National, Kansas City Life, and Knights of Columbus about his proposed "life assurance" product and that one of those entities expressed interest. The United States has not been able to develop any evidence to corroborate this claim of the Defendant's. But even if the claim were true, that would not make it admissible under the hearsay rule. Rule 801(d)(2) permits an out-of-court statement of the Defendant to be offered by the prosecution, but it does not permit that same statement to be offered by the defendant. Thus, if the Defendant wishes to offer evidence on this point, he should be required to present that evidence in the form of a live witness with knowledge of the events, not through his own self-serving out-of-court statement.

The report recounts numerous other self-serving statements of the Defendant's, including:

- that the Defendant "developed [a] business plan for HLA";

- that Defendant and another individual created a "'spreadsheet' to determine the potential profitability of HLA";

- that Defendant "intends on paying back the persons who invested in HLA through some future business income"; and

- that Defendant "really believed in the idea of HLA and was willing to do anything to make it work."

If offered by the United States, these statements would be admissible as party-opponent admissions. But if offered by the Defendant (for example, on the cross-examination of FBI Special Agent Keith Kohne), the statements would amount to nothing more than self-serving hearsay to which no exception under Rule 803 would apply. *See Auto-owners Ins. Co. v. Jensen*, 667 F.2d 714, 722 (8th Cir. 1981) ("An admission must be offered against a party, not for him . . . ."); *see also United States v. Woosley*, 761 F.2d 445, 449 (8th Cir. 1985). The United States therefore requests that such statements be excluded under the hearsay rule.

Defendant further complains that the United States' motion might run afoul of the "common law rule of completeness and Rule 106 of the Rules of Evidence." Resp. (Doc. #120) at 1. "There may be times," the Defendant claims, "when due process and fundamental fairness call for admission into evidence of statements of the defendant by the defendant." *Id.* These concerns are misplaced.

First, Rule 106, which Defendant cites, applies only to writings and recorded statements. Thus, under its own terms, it does not apply to Special Agent Kohne's testimony as to out-of-court statements made by the Defendant during his interview. *See Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 636 (8th Cir. 2007) ("The rule of completeness . . . applies to writings or recorded statements, not to conversations.").

Second, even if the rule of completeness did apply to statements made by Defendant during his interview with Special Agent Kohne, the Eighth Circuit has recognized that "neither

the rule of completeness . . . nor Rule 611, which allows a district judge to control the presentation of evidence as necessary to the 'ascertainment of truth,' empowers a court to admit unrelated hearsay in the interest of fairness and completeness when that hearsay does not come within a defined hearsay exception." *United States v. Woolbright*, 831 F.2d 1390 (8th Cir. 1987); *accord United States v. Edwards,* 159 F.3d 1117, 1127 (8th Cir. 1998) (holding that a defendant "should not be able to invoke the rule of completeness to introduce otherwise inadmissible exculpatory hearsay"). Even in cases where admission is proper under Rule 106, "the party urging admission of excluded conversation must specify the portion of the testimony that is relevant to the issues at trial and that qualifies or explains portions already admitted," as well as that such admission is necessary "to avoid misleading the jury." *United States v. King*, 351 F.3d 859, 867 (8th Cir. 2003). No such concerns are present in this case.

For these reasons, the United States respectfully suggests that the defendant be prohibited from introducing, either through direct or cross examination, his own out-out-court statements unless such statements fall within a recognized exception to the hearsay rule.

Dated: September 5, 2016	Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

 *s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
AMANDA WICK, #501043DC
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 5, 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the defendant's counsel of record.

                                                */s/ Richard E. Finneran*
                                                RICHARD E. FINNERAN, #60768MO
                                                Assistant United States Attorney